PER CURIAM.
The single issue raised by this appeal is whether the court erred by not giving an instruction pursuant to Section 90.-404(2)(b)2, Florida Statutes (1981) on the limited purpose for which similar crime evidence was to be considered, at the time the evidence was admitted. We hold that in the absence of a request by defense counsel, the court was not obligated to give such an instruction at that time. Further, no fundamental error has been demonstrated. At the close of the evidence, in accordance with Florida Standard Jury Instructions (1981) and the applicable statute,[1] the court instructed the jury:
The evidence which has been admitted to show similar crimes, wrongs, or acts allegedly committed by the defendant will be considered by you only as that evidence relates to proof of identity on the part of the defendant.
In light of the given standard instruction, it is unlikely, contrary to what is contended, that the jury misunderstood the limited purpose for which the similar crime evidence was admitted.
Affirmed.

. Section 90.404(2)(b)2, Florida Statutes (1981) provides:
(2) OTHER CRIMES, WRONGS, OR ACTS.—
(b) * * *
2. When the evidence is admitted, the court shall, if requested, charge the jury on the limited purpose for which the evidence is received and is to be considered. After the close of the evidence, the jury shall be instructed on the limited purpose for which the evidence was received and that the defendant cannot be convicted for a charge not included in the indictment or information, [e.s.]